United States District Court
Southern District of Texas
**ENTERED**
December 09, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| M&T EQUIPMENT FINANCE CORPORATION, | § § § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-4177 |
| | § | |
| BULLET EXPRESS LINE INC. and SANDEEP KAUR, | § § § | |
| *Defendants.* | § | |

## ORDER

Pending before this Court is M&T Equipment Finance Corporation's ("Plaintiff") Request for Entry of Default and Application for Entry of Default Judgment ("Motion"). (Doc. No. 13). Bullet Express Line Inc. ("Bullet Express") and Sandeep Kaur ("Kaur"; collectively, with Bullet Express, "Defendants") have been served, have not appeared in the case, and have not filed a response in opposition. Having considered the motion and the relevant pleadings, the Court **GRANTS** the Motion. (Doc. No. 13).

### I.    Background

Plaintiff filed this action to collect the unpaid balance on a promissory note and guaranty. (Doc. No. 1). Plaintiff provided financing to Bullet Express for purchase of equipment or working capital. (*Id.* at 2). The financing, in the amount of $687,540, was documented by a promissory note ("Note"). (*Id.* at 3). This Note was secured by a security agreement ("Security Agreement"; collectively, with Note, "Loan Documents"), which granted Plaintiff a security interest in certain equipment as well as in all assets of Bullet Express. (*Id.*). Plaintiff alleges that it perfected its interest. (*Id.*). Plaintiff further alleges that Kaur executed a guaranty of the loan ("Guaranty"). (*Id.* at 4).

Defendants later failed to make the required payments. (*Id.* at 5). Consequently, on September 27, 2023, Plaintiff took possession of the secured equipment and sold it at a public sale for $390,000. (*Id.*). Per Plaintiff, this makes the unpaid balance of the Note $148,127.77. (*Id.* 5–6). Importantly, the Note expressly provides that, in the event of default, interest accrues on the balance at the maximum rate allowed by law. (*Id.* at 6). It also provides that Plaintiff is entitled to recover attorney's fees and costs. (*Id.*). Defendants allegedly have refused to pay the remaining balance or interest to this day. (*Id.*).

Plaintiff filed this suit on November 3, 2023. (Doc. No. 1). Despite having been served with process on November 17, 2023, (Doc. Nos. 7 and 8), Defendants have not appeared in the case or filed any responsive pleadings. On September 20, 2024, the Clerk entered Defendants' default pursuant to Federal Rules of Civil Procedure 55(a). (Doc. Nos. 16 and 17).

## II.    Legal Standard

After default is entered, a plaintiff may seek default judgment under Federal Rule of Civil Procedure 55(b). *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The plaintiff must submit evidence supporting that the defendant has been properly served with the summons, complaint, and the default judgment motion. *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at \*3 (W.D. Tex. July 5, 2018) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649–51 (5th Cir. 1988)); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at \*1 (S.D. Tex. May 16, 2013); S.D. TEX. L.R. 5.5 ("Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)."). Absent proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void. *See Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

A "party is not entitled to a default judgment as a matter of right." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "Defaults are 'generally disfavored.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)). The Fifth Circuit favors "resolving cases on their merits." *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018) (quotation omitted). "This policy, however, is 'counterbalanced by considerations of social goals, justice and expediency, a weighing process that lies largely within the domain of the trial judge's discretion.'" *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (alterations omitted) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)). The court may enter default judgment where "the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

"A default judgment is unassailable on the merits but only so far as it is supported by the well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. For the court to enter default judgment, the complaint must satisfy Federal Rule of Civil Procedure 8. *See Wooten*, 788 F.3d at 497–98. "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility than a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III.   Analysis

Courts in the Fifth Circuit have developed a three-part test to determine whether a default judgment should be entered. First, the court must consider whether the entry of default judgment is "procedurally warranted." *Nasufi v. King Cable Inc.*, No. 3:15-CV-3273-B, 2017 WL 6497762, at *1 (N.D. Tex. Dec. 19, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a "sufficient basis in the pleadings for the judgment." *Id.* at *2 (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206). Third, the court determines "what form of relief, if any, the [plaintiff] should receive." *Id.* (alteration in original) (quoting *United States v. 1998 Freightliner VIN #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008)). The Court takes each step in turn.

4

## A. Default Judgment is Procedurally Warranted

Whether the entry of default judgment is procedurally warranted depends on the following factors identified by the Fifth Circuit:

> [1] whether material issues of fact are at issue; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

The Court finds that all of these factors weigh in Plaintiff's favor. First, Defendants have not filed an answer or any responsive pleadings since being served in this case; consequently, there are no material facts in dispute. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). Second, Defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). Third, grounds for default are clearly established given that, as reflected by the record and noted in the Clerk's Entries of Default, "defendant failed to plead or otherwise defend in this case as required by law." (Doc. Nos. 16 and 17). Fourth, there is no indication that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Plaintiff seeks only the relief to which it is entitled under the law, mitigating the harshness of a default judgment against Defendants. *See id.* Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendants. *Id.* Moreover, the certificate of service contained in Plaintiff's motion for default judgment complies with Local Rule 5.5. (Doc. No. 13 at 8); *see also* L.R. 5.5 ("Motions for default

judgment must be served on the defendant-respondent by certified mail (return receipt requested).").

## B. There is sufficient Basis for Judgment in the Pleadings

Next, the Court must determine whether the pleadings provide a "sufficient basis" for entering default judgment. *Nasufi*, 2017 WL 6497762, at *2. Due to their default, Defendants are deemed to have admitted the well-pleaded facts alleged in the Complaint. Nonetheless, the Court must review the pleadings to determine the substantive merits of Plaintiff's claims for relief. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Here, Plaintiff has asserted claims for breach of the Note by Bullet Express and of the Guaranty by Kaur. (Doc. No. 1 at 5).

Pursuant to the relevant contractual provisions, the Loan Documents and the Guaranty are governed by California law. *See* (Doc. No. 1-1 at 5) ("[T]he validity and enforceability of this agreement and each of its terms shall be governed by the laws of the state of debtor's location as set forth in this agreement[—California]"); (Doc. No. 1-2 at 3) (same).[1] Under California law, "the elements of a breach of a promissory note are the same as any breach of contract." *Alwood v. Montecalvo*, No. CV 14-08139 MMM (PJWx), 2015 WL 13306204, at *5 (C.D. Cal. Nov. 3, 2015) (applying California law). Similarly, "the elements for a breach of guaranty claim are the same as the elements of a breach of contract claim." *Id.* In turn, to prevail on a breach of contract theory under California law, Plaintiff must "[1] demonstrate a contract, [2] the plaintiff's performance or excuse for nonperformance, [3] the defendant's breach, and [4] damage to the plaintiff." *Amelco Elec. v. City of Thousand Oaks*, 27 Cal. 4th 228, 243 (2002).

---

[1] Notably, while the Security Agreement contains a choice of law provision, the separately- but contemporaneously-signed Note does not. Nevertheless, the Note states that "this written agreement and *all other documents executed in connection herewith* represent the final agreement between the parties." (Doc. No. 1-1 at 3) (emphasis added). Thus, the Court interprets the Loan Documents together as the parties' final agreement and finds that the choice-of-law provision of the Security Agreement also governs the interpretation of the Note.

The uncontested allegations in the Complaint satisfy these four elements for both the Loan Documents and the Guaranty. First, Plaintiff's Complaint attaches and incorporated therein by reference the executed Loan Documents, (Doc. No. 1 at 3) (referencing Doc. No. 1-1), and the Guaranty, (*id.* at 4) (referencing Doc. No. 1-2). This proves the existence of the contracts. Second, Plaintiff alleges that it "fully performed all of its duties and obligations under the terms of the Loan Documents and the Guaranty." (*Id.* at 5). Third, the Complaint states that "Plaintiff made demand upon the Defendants, jointly and severally, for payment of the unpaid balance due under the terms of the Loan documents, but . . . they have failed and refused and still fail and refuse to pay the remaining balance." (*Id.*). Fourth and last, Plaintiff claims that, as a result of the default, he has suffered damages to the tune of $148,127.77. (*Id.*). Given these well-pleaded factual allegations, default judgment is appropriate on the breach-of-contract claims with regard to both the Loan Documents and the Guaranty.

## C.  Plaintiff is Entitled to Damages

After a court determines default judgment can be entered, the court must determine what form of relief, if any, the plaintiff is entitled to. *Nasufi*, 2017 WL 6497762, at *2. The plaintiff bears the burden of proving the amount of damages. *U.S. for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). The plaintiff must establish the necessary facts, either through detailed affidavits or an evidentiary hearing, to show its damages are "capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If a calculation can be made "with certainty by reference to the pleadings and supporting documents," a hearing to determine damages is unnecessary. *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993) (quoting *Frame v. S–H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992)).

Notably, while the indebtedness arises primarily out of the Note executed by Bullet Express, by virtue of the Guaranty, Kaur is also liable for the amount of indebtedness the Court finds below. The Guaranty states that Kaur is "directly and unconditionally liable to Beneficiary [Plaintiff] . . . for the due payment and performance of all Obligations," which is defined as "any and all existing and future indebtedness and/or obligations of Subject [Bullet Express]." (Doc. No. 1-2 at 2). Thus, Defendants are jointly and severally liable for any amount of damages the Court finds below.

### i.    Actual Damages

Plaintiff seeks actual damages of (1) $148,127.77 as the remaining balance under the Loan Documents and (2) "pre-judgment and post-judgment interest at the highest rate allowed by law pursuant to the Loan Documents."[2] (Doc. No. 13 at 4–5).

Plaintiff supports its request for actual damages with the declaration of Joseph Cannici, a Senior Vice President and Branch Manager of M&T Equipment. (Doc. No. 13-1 at 1). Mr. Cannici avers that "$148,127.77 remains outstanding and owed on the Promissory Note and Security Agreement by Bullet and Kaur to M&T after crediting the proceeds of the public sale." (*Id.* at 2). This amount is uncontroverted.

Moreover, "[u]nder 28 U.S.C. § 1961(a), in diversity cases, post-judgment interest is calculated at the federal rate, while pre-judgment interest is calculated under state law." *Bos. Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). Regarding pre-judgment interest, the Note specifies that Bullet Express "shall pay, on demand, interest on the unpaid indebtedness . . . at the maximum lawful daily rate . . . until paid in full." (Doc. No. 1-1 at 2). That

---

[2] In contrast to the more generalized request for pre- and post-judgment interest in its motion, Plaintiff's Complaint had specified an 18 percent-per-annum interest rate for both the pre- and post-judgment interest. (Doc. No. 1 at 6–7). To the extent that the originally-requested interest rates are in excess of statutory maximum rates, they are denied. Instead, the Court will entertain the new request for interest at the "highest rate allowed by law."

maximum lawful rate is furnished by California law here because, as mentioned above, California

law governs these contracts that form the basis of this suit. Article 15 section 1(2) of the California

Constitution sets out the maximum interest rate, CAL. CONST. art 15, § 1(2), whose long, complex

provision has been summarized as follows:

> [T]he legal rate for a business loan such as those at issue here is the higher of ten
> per cent or the federal funds rate plus five per cent. The applicable federal funds
> rate is that set by the Federal Reserve Bank of San Francisco on the 25th day of the
> month preceding the execution of the loan agreement or the month preceding the
> funding of the loan, whichever is earlier.

*Okura & Co. (Am.), Inc. v. Careau Group*, 783 F. Supp. 482, 501 n.9 (C.D. Cal. 1991). Here, for

the relevant time period, the 10 percent per annum maximum interest rate applies since it is higher

than the then-prevailing federal funds rate plus 5 percent. This rate will apply from September 27,

2023, to the date of this judgment.

That being the case, the Court finds that entering default judgment with respect to actual

damages is appropriate. The figures established by Mr. Cannici's declaration have not been

disputed by Defendants. Thus, Plaintiff's actual damages can be determined "with certainty by

reference to the pleadings and supporting documents." *James*, 6 F.3d at 311. The Court hereby

enters default judgment for the amount of $148,127.77 with pre-judgment interest at 10 percent

per annum, accruing from September 27, 2023, to the date of this judgment.

Thereafter, post-judgment interest is awarded at the prevailing rate as set out in 28 U.S.C.

§ 1961. 28 U.S.C. § 1961; *see also Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 173

(5th Cir. 2010) ("[Post-judgment interest] is not discretionary."). The Court hereby awards post-

judgment interest at the rate specified in § 1961.

### ii.    Attorney's Fees and Costs

Plaintiff also seeks attorney's fees in the amount of $5,428.50, in addition to taxable costs

of $1,140.60, for prosecuting the suit. (Doc. No. 13 at 4–5); (Doc. 13-2). In support, the declaration

of Hunter M. Barrow—counsel for Plaintiff—states that the work performed in this case included preparing the Complaint, coordinating service of process on Defendants, preparing and filing Plaintiff's Certificate of Interested Parties, Joint Discovery/Case Management Plan, and this motion for default judgment. (Doc. No. 13-2 at 2). Plaintiff also submits Mr. Barrow's invoices for work done in this matter. (*Id.* at 4–10).

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). California law, which supplies the rule of decision here, states as follows regarding attorney's fees and costs:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs.

CAL. CIV. CODE § 1717(a). Here, the contract expressly provides that Defendants "promise and agree to pay Holder's [Plaintiff] costs, expenses, and reasonable attorneys' fees incurred in enforcing and/or collecting this Note." (Doc. No. 1-1 at 2). Moreover, since the Court enters this default judgment in favor of Plaintiff, Plaintiff is the prevailing party. What remains is for Plaintiff to show that its attorney's fees are reasonable.

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). "The reasonable hourly rate is that prevailing in the community for similar work." *Id.* "The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." *Id.* "It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court." *Id.* at 1096.

10

The Court finds that Plaintiff's attorney's fees in the amount of $5,428.50 are reasonable. The hourly billing rates for Plaintiff's counsel ranged from $245 to $550, which the Court finds to be reasonable, and the evidence suggests that Plaintiff's counsel collectively spent 13.9 hours. (Doc. No. 13-2 at 4–10). Mr. Barrow's uncontroverted declaration states that "the time and labor involved in this case were typical for the type of dispute involved" and that "the fees charged were similar to fees charged by other firms doing similar work." (*Id.* at 3). In this case, the Court sees no reason to disagree with Plaintiff that its counsel charged reasonable hourly rates for the number of hours reasonably expended. Thus, the fees are reasonable, and Plaintiff is entitled to $5,428.50 in attorney's fees.

Mr. Barrow also avers that "Plaintiff has further incurred costs in the case in the amount of $1,145.60, which includes a filing fee of $402.00, service of process fees in the amount of $738.60, and research in the amount of $5.00." (*Id.* at 3). The Court also finds that Plaintiff is entitled to recoup these costs, totaling $1,145.60.

## IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment. (Doc. No. 13). Plaintiff is entitled to recover from and against Defendants, jointly and severally, (a) $148,127.77 for the unpaid balance of the Note; (b) pre-judgment interest on that balance in (a), accruing from September 27, 2023, to the entry of judgment at the rate of 10 percent per annum; (c) $5,428.50 in attorney's fees; (d) $1,145.60 in costs; and (e) post-judgment interest at the applicable federal rate, *see* 28 U.S.C. § 1961, from the date of the final judgment until paid in full.

In accordance with Rule 58(a) of the Federal Rules of Civil Procedure, final judgment will be entered in a separate document.

Signed on this ___6___ day of December 2024.

Andrew S. Hanen
United States District Judge

12